UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TINA PEREZ,**

    **Plaintiff,**

v.                                            **Case No. 8:22-cv-2971-TPB-AAS**

**KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Tina Perez requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the hearing before the Administrative Law Judge (ALJ), the administrative record, and the parties' briefs, the undersigned **RECOMMENDS** the Commissioner's decision be **AFFIRMED.**

**I.**     **PROCEDURAL HISTORY**

Ms. Perez applied for DIB on March 20, 2020, alleging a disability onset of October 4, 2019. (Tr. 15). Disability examiners denied Ms. Perez's applications initially and on reconsideration. (*Id.*). Following a hearing, the

1

ALJ issued a decision unfavorable to Ms. Perez on October 13, 2021. (Tr. 15–27). The Appeals Council denied Ms. Perez's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1–3). Ms. Perez now requests judicial review of the Commissioner's decision. (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Background

Ms. Perez was 58 years old on her alleged onset date. (Tr. 85). Ms. Perez alleged disability due to a stroke, neuropathy in feet, high blood pressure, high cholesterol, diabetes, hormonal imbalance, back surgeries, fatty liver disease, and memory loss. (Tr. 86). Ms. Perez has past work experience as an assembler, injection molding machine operator, fast food manager, and assistant fast food manager. (Tr. 25).

### B.   Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her

---

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 404.1572.

physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

The ALJ found Ms. Perez had not engaged in substantial gainful activity since the alleged onset date. (Tr. 17). The ALJ found Ms. Perez has these severe impairments: degenerative disc disease of the lumbar spine; degenerative disc disease of the cervical spine; migraine headache disorder; vertigo; diabetes mellitus with neuropathy of bilateral feet; degenerative joint disease of bilateral knees; obstructive sleep apnea; hypertension; and obesity. (*Id.*).

---

[3] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. § 404.1545(a)(1).

However, the ALJ concluded Ms. Perez's impairments or combination of impairments fail to meet or medically equal the severity of an impairment in the Listings. (Tr. 19).

The ALJ found Ms. Perez had an RFC to perform light work[4] except:

> [Ms. Perez] is limited to occasional climbing of ramps or stairs, stooping, crouching, or kneeling. She must never crawl or climb ladders, ropes, or scaffolds. [Ms. Perez] is limited to frequent operation of foot controls bilaterally. She is limited to frequent handling, fingering, feeling, and the operation of hand controls bilaterally. [Ms. Perez] is limited to occasional overhead reaching bilaterally. She is limited to occasional exposure to extreme cold and industrial vibration but must never be exposed to unprotected heights.

(*Id.*).

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Ms. Perez could perform her past relevant work as an assembler of small products, an assembler of medical supplies, an injection molding machine operator, a fast food manager, and an assistant fast food manager. (Tr. 26). As a result, the ALJ found Ms. Perez was not disabled from

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(6).

4

October 4, 2019, through the date of the ALJ's decision, April 27, 2022. (Tr. 27).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). There must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted).

5

Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B.  Issue on Appeal

Ms. Perez raises one issue on appeal: that the ALJ erred in finding Ms. Perez had the RFC to perform light work with limitations despite her subjective complaints and physical impairments. (Doc. 22, pp. 3–5; Doc. 24, pp. 1–3). The Commissioner responds that the ALJ properly considered the record evidence in evaluating Ms. Perez's impairments, including her subjective complaints, and concluded she had the RFC to perform light work with additional limitations. (Doc. 23, pp. 5–11).

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545. To determine a claimant's RFC, the ALJ makes an assessment based on all the relevant record evidence on what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related conditions. 20 C.F.R. § 404.1545(a)(1). In rendering the RFC, the ALJ must consider the medical opinions with all the

other record evidence and will consider all the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating the "ALJ must consider the applicant's medical condition taken as a whole"). In doing so, the ALJ considers evidence such the objective medical evidence, the claimant's daily activities, treatment, medications received, and other factors about functional limitations and restrictions for pain. *See* 20 C.F.R. § 404.1529.

The Commissioner must also consider the claimant's symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence. *See* 20 C.F.R. § 404.1529. When a claimant asserts disability through testimony of pain or other subjective symptoms, the Eleventh Circuit "requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If the physical or mental impairment could reasonably be expected to produce the claimant's symptoms, the ALJ evaluates the intensity and persistence of those symptoms

to determine the extent to which the symptoms limit the claimant's ability to perform work-related activities. 20 C.F.R. § 404.1529(c). When the ALJ does not find the claimant's subjective testimony supported by the record, the ALJ must articulate explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). A reviewing court will not disturb a clearly articulated finding on a claimant's subjective complaints supported by substantial evidence in the record. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014).

The ALJ's decision addressed Ms. Perez's subjective complaints of pain, as well her testimony about her functional limitations. (Tr. 20). Ms. Perez stated she could not sit or stand for long periods of time, has neuropathy of the feet, has difficulty with kneeling, struggles with holding items for more than five minutes, and experiences back pain when she sits. (Tr. 20, 46–48, 51–52). The ALJ found that although Ms. Perez's impairments could reasonably be expected to cause her alleged symptoms, her statements about the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence or other evidence. (Tr. 20); *See Arnold v. Heckler*, 732 F.2d 881, 884 (11th Cir. 1984) ("It was not inconsistent for the administrative law judge to find that [the claimant] suffers pain in fact, and yet is not so severely impaired as to meet the stringent test for disability

8

imposed by the Act. It was for the administrative law judge to determine the disabling nature of the pain.").

In reaching Ms. Perez's RFC determination, the ALJ discussed medical evidence that is inconsistent with Ms. Perez's subjective statements of pain and limitations. (Tr. 32–41). For example, in November 2019, Nicole Bishko, D.O., noted Ms. Perez had a normal gait, normal tone, normal muscle strength, full range of motion in the neck, and well-controlled hypertension. (Tr. 21, 1564–66). In June 2019, Dr. Bishko noted similar observations. (Tr. 21, 1612–13). In July 2020, Michael Rosenberg, M.D., performed a physical consultative examination and noted Mr. Perez had a normal gait and stance, was stable, had nontender joints, negative straight leg test, could walk on heels and rise from a chair without difficulty, and had 5/5 strength in upper and lower extremities. (Tr. 21, 1628–29). At that time, Steven O'Neal, M.D., performed a mental consultative examination and noted Ms. Perez had normal ambulation, gait, and stance.[5] (Tr. 22, 1623).

In October 2020, Ms. Perez visited the emergency room and was

---

[5] The ALJ considered Ms. Perez's alleged mental impairments and found they were non-severe. (Tr. 23). Ms. Perez raised no issues related to her mental impairments, and any issue not specifically raised by and elaborated upon is waived. *See Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (holding that in the absence of an argument, the issue is considered abandoned); *see also Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (noting the claimant waived issue because he did not elaborate on claim or provide citation to authority on the claim).

examined by Amir Hedayati, M.D. (Tr. 22, 1646). Dr. Hedayati observed Ms. Perez had full range of motion of her extremities. (*Id.*). In November 2020 and October 2021, neurological examinations noted Ms. Perez's tone, strength, fine motor control, and coordination were within normal limits. (Tr. 22, 1693, 1803). In April 2021, Thomas Beaman, D.O., P.A., performed a consultative medical examination and stated Ms. Perez had no signs of injury of her joints, although there was crepitus to the left knee, had a muscle strength of +5/5 and no inflammation, did not use an assistive device, and showed no reproducible fatigue with repetitive muscle testing. (Tr. 23, 1738).

The ALJ found persuasive the opinions of the state agency medical consultants, Kerri Aaron, M.D. and Sharmishtha Desai, M.D., who opined Ms. Perez could perform light level work. (Tr. 24, 78–81, 101–07); *See* 20 C.F.R. § 404.1513a(b)(1) (holding that ALJs must consider prior administrative medical findings under the Commissioner's regulations since Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation). In addition to the medical evidence, the ALJ considered Ms. Perez's daily activities in evaluating her subjective complaints and RFC. *See* 20 C.F.R. § 404.1529(c)(3)(i) (stating that "daily activities" is one factor that may be considered in evaluating subjective testimony); *Conner v. Astrue*, 415 F. App'x 992, 995 (11th Cir. 2011) ("A claimant's daily activities

may be considered in evaluating and discrediting a claimant's subjective complaints."). For example, the ALJ considered that Ms. Perez can cook, perform household cleaning, handle personal care independently, perform childcare, and plays video games, texting, and video chatting. (Tr. 20, 341–44, 1563, 1628).

The ALJ's articulated explicit and adequate reasons for discounting Ms. Perez's subjective complaints as inconsistent with other parts of the record. *See Mitchell*, 771 F.3d at 782 ("credibility determinations are the province of the ALJ, and we will not disturb a clearly articulated credibility finding supported by substantial evidence" (internal citation omitted)). The ALJ's RFC assessment also adequately addressed Ms. Perez's physical limitations. (Tr. 23). The ALJ's RFC determination that Ms. Perez could perform light work with additional limitations is supported by substantial evidence.

## IV. CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that the Commissioner's decision be **AFFIRMED** and the Clerk of Court be directed to enter judgment in favor of the Commissioner and close the case.

**ENTERED** in Tampa, Florida on January 2, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.